# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARGRET A. BRUNER** | § | **PLAINTIFF** |
| | § | |
| v. | § Civil Action No. 1:08CV1386-LG-RHW | |
| | § | |
| **CEMEX, INC.; NEW LINE** | § | |
| **TRANSPORT, LLC; and DARRIEN** | § | |
| **D. HENDERSON** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER DENYING
## CEMEX, INC.'S MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss [73] filed by Cemex, Inc. Cemex argues that it is entitled to dismissal, because it has no connection with the automobile accident at issue in this lawsuit, other than being the parent company of New Line Transport, LLC. The plaintiff, Margret A. Bruner, has filed a response in opposition to the Motion, but Cemex did not file a reply. Since both parties have relied on documents outside of the pleadings, the Court has converted the Motion to Dismiss to a Motion for Summary Judgment. *See* Fed. R. Civ. P. 12(d). Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion should be denied, because Cemex has not demonstrated that it has no liability for the subject accident.

### FACTS AND PROCEDURAL HISTORY

The plaintiff, Margret Bruner, filed this lawsuit against Cemex, Inc., New Line Transport, LLC, and Darrien D. Henderson, alleging that she was injured in a motor vehicle accident caused by the defendants. She claims that Henderson, an alleged employee of New Line Transport, lost control of his tractor-trailer after she began to enter the highway on which he was traveling. She claims that she stopped her vehicle before she entered his lane of travel.

**DISCUSSION**

Any party to a civil action may move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. Fed. R. Civ. P. 56. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

Cemex filed the present Motion, relying on the sworn interrogatory responses of Hilda Hughley, a Cemex representative. She stated that the tractor was owned and operated by Henderson, and the trailer was owned by New Line. (Ex. A to Def.'s Mot. at 2). She also claimed that Henderson was an independent contractor of New Line, but that he had no relationship with Cemex. (*Id.* at 3).

Cemex did not provide a memorandum of authorities in support of its Motion, and it did not cite any cases supporting its claim that it is entitled to dismissal. For example, no authority is cited in the Motion concerning whether the corporate veil should be pierced in this case or otherwise concerning the existence of any liability on the part of Cemex. In fact, the entire Motion is only four sentences in length. Rule 7(b)(4) of the Uniform Local Rules for the Northern and Southern District of Mississippi provides: "At the time the motion is served, . . .

counsel for movant must file a memorandum brief in support of the motion. . . . Failure to timely submit the required motion documents may result in the denial of the motion."

The Court finds that Cemex has not met its initial burden of demonstrating that it is entitled to judgment as a matter of law. The Court further finds that the Motion is procedurally flawed for failing to include a Memorandum of Authorities or caselaw demonstrating that it is entitled to the relief requested.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [73] filed by Cemex, Inc., is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 27th day of August, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE