# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARGRET A. BRUNER** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil Action No. 1:08CV1386-LG-RHW |
| | § | |
| **CEMEX, INC.; NEW LINE** | § | |
| **TRANSPORT, LLC; and DARRIEN** | § | |
| **D. HENDERSON** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**BEFORE THE COURT** is the Motion for Partial Summary Judgment [77] filed by the defendants, seeking summary judgment regarding their defense of comparative negligence. The plaintiff, Margret Bruner, has filed a response to the Motion, and the defendants have filed a reply. Upon reviewing the submissions of the parties and the applicable law, the Court finds that a genuine issue of material fact exists concerning whether Bruner's conduct caused the accident. As a result, the defendants' Motion is denied.

### FACTS

According to the Compliant in this diversity action[1], on August 9, 2008, Margret Bruner was traveling westbound in her vehicle on Gavin Hamilton Road in Jackson County, Mississippi.

---

[1] Bruner alleges state law claims of negligence against the defendants and asserts that diversity jurisdiction exists. This Court requested a brief and evidence from the defendants concerning whether jurisdiction exists over this lawsuit pursuant to 28 U.S.C. § 1332. Upon reviewing the pleadings in this matter and the evidence submitted by the defendants, the Court has determined that Bruner is a resident of Mississippi, and Henderson is a resident of Alabama. New Line Transport, LLC, is solely owned by Cemex Materials, LLC, which is in turn solely owned by Cemex, Inc. Cemex, Inc. is a Louisiana corporation with its principal place of business in Texas. Therefore, New Line shares the residency of Cemex, Inc. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that a limited liability company's citizenship is based on the citizenship of each of its members). Therefore, there is diversity jurisdiction.

(Compl. at 2; Ex. A to Defs.' Mot.). One of her friends, Nina Woods, was occupying the front passenger seat of the vehicle. (Compl. at 2). Bruner stopped at a stop sign at the intersection of Gavin Hamilton Road and Highway 613 and then began to cross Highway 613. (Ex. B to Defs.' Mot. at 55). However, Woods began yelling that there was a truck, so Bruner stopped her vehicle in the northbound lane of Highway 613 before crossing the center line of the highway. (*Id.* at 54, 55). At this time, Darrien Henderson was driving a tractor-trailer in the southbound lane of Highway 613. (Compl. at 2; Ex. A. to Defs.' Mot.) His vehicle allegedly jackknifed, causing him to lose control. (Compl. at 3; Ex. A to Defs.' Mot.) His vehicle moved into the northbound lane of the highway and struck Bruner's vehicle. (*Id.*) Bruner claims that she stopped about three feet into the northbound lane. (Ex. B to Defs.' Mot. at 61). Bruner claims that she suffered severe injuries in the accident. (Compl. at 4).

Bruner alleges that Henderson was an employee of Cemex and/or New Line Transport and that he was acting within the course and scope of his employment at the time of the accident. She claims that the negligence of these defendants caused the accident, but the defendants allege that Bruner's negligence in entering the highway while the truck was approaching caused the accident. The defendants have filed the present motion, seeking judgment as a matter of law that Bruner's negligence caused the accident. The defendants concede that the extent of Bruner's negligence is a question for the jury but assert that Bruner was negligent as a matter of law.

### DISCUSSION

Any party to a civil action may move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. Fed. R. Civ. P. 56. A party seeking summary

judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

With regard to their defense of comparative negligence, the defendants seek a determination that Bruner was negligent as a matter of law. Under Mississippi law, there are four elements necessary to prove negligence:

> (1) a duty or obligation, recognized by law, requiring the [party] to conform to a certain standard of conduct; (2) a breach of the duty; (3) a reasonably close causal connection between the conduct and the resulting injury; and (4) actual loss or damage.

*Weathersby Chevrolet Co. v. Redd Pest Control Co.*, 778 So. 2d 130, 133 (¶8) (Miss. 2001).

Miss. Code Ann. §11-7-15 provides:

> In all actions hereafter brought for personal injuries, . . . the fact that the person injured . . . may have been guilty of contributory negligence shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured . . . .

"When reasonable minds might differ on the matter, questions of proximate cause and of negligence and of contributory negligence are generally for determination [by a] jury." *Hankins Lumber Co. v. Moore*, 774 So. 2d 459, 464 (Miss. Ct. App. 2000).

Although it is apparently undisputed that Bruner failed to properly yield the right of way, the question of whether this conduct caused or contributed to Henderson's loss of control

remains.  Thus, the defendants have not demonstrated that Bruner was negligent as a matter of law, because they have not demonstrated that a close causal connection existed between Bruner's conduct and the accident.  The accident may have been caused by only Henderson's negligence, by only Bruner's negligence, or a combination of the two.  The issue of proximate cause must be determined by a jury in this circumstance.  Therefore, the defendants' Motion must be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Partial Summary Judgment [77] filed by the defendants is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 27th day of August, 2010.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE